UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  09-60316-CR-COHN

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

FITZROY DANIEL SALESMAN,

       Defendant.
_____/

MOTION TO DISMISS SUPERSEDING INDICTMENT BASED UPON
PRE-INDICTMENT DELAY IN VIOLATION OF DEFENDANT'S
CONSTITUTIONAL DUE PROCESS RIGHTS

     FITZROY SALESMAN, by and through his undersigned counsel, James S. Benjamin, Esq., moves this Honorable Court to dismiss the Superseding Indictment as it violates the Defendant's Constitutional Due Process rights and prejudices him because of the pre-indictment delay caused by the Government and as grounds therefore states as follows:

     1.  Defendant has attempted to compel certain information from the Government and the attendance of an individual that the Government now characterizes as a "former confidential informant" named Pat Lochrie. [See DE 71, Paragraph 1].

     2.  In a pleading filed last evening, the Government now claims that Pat Lochrie has not been an informant for the FBI for a period of approximately two years. [DE 71, Footnote 1]

     3.  All of the allegations of the Indictment occurred not later than the year 2007.

     4.  The Government did not seek an Indictment in this case until late 2009.

     5.  The Defendant has suffered actual substantial prejudice by the Pre-Indictment delay of the Government waiting until late 2009 to indict the Defendant for alleged acts that last occurred

in 2007.

6. It is obvious that the Pre-Indictment delay herein was a product of a deliberate act by the Government. This act was designed to gain a tactical advantage by shielding an essential witness' testimony at trial that would go to the Defendant's claims of governmental misconduct and/or entrapment by now claiming that Lochrie is no longer a confidential informant. Therefore undersigned counsel's efforts to secure his attendance at trial as a witness and to compel the Government to provide information concerning the relationship between Lochrie and the Government is now thwarted by their intentionally waiting over two years from the time the Government would characterize Lochrie as a "confidential informant".

7. Due to the deliberate design of the Government to gain a tactical advantage, the Government is thwarting the Defendant from presenting evidence as to his defenses. In United States v. Foxman, 87 F.3d 1220 (11th Cir. 1996) the Court held that the due process clause of the Constitution can bar an Indictment even when the Indictment is brought within the Statute of Limitations. The two part test that must be shown is that (1) the defendant must show that pre-indictment delay has caused him actual substantial prejudice and (2) that the delay was the product of a deliberate act by the Government designed to gain a tactical advantage.

8. The prejudice in this case is that the Defendant has been thwarted in his efforts to obtain details of the payments, promises and other favorable circumstances given to Pat Lochrie for his participation in this case and to be able to secure Pat Lochrie's attendance as a witness in the trial. Further, the Defendant is unable to ascertain from Lochrie what instructions he was given as to how to conduct himself in the attempted bribery of the Defendant. Also, whether these instructions evince the desires of the FBI to entrap the Defendant or to disregard his due process rights.

9. That the deliberate pre-indictment delay on the part of the Government is a deliberate act by the Government designed to gain a tactical advantage is readily seen from the tactics contained in the Government's pleadings in their Response in Opposition to Defendant's Motion to Compel [DE 69] and their Response to the Defendant's Reply [DE 71].

WHEREFORE the Defendant, FITZROY SALESMAN, respectfully requests this Honorable Court grant the relief and dismiss the Indictment for the reasons stated above.

*s:/James S. Benjamin, Esq.*
James S. Benjamin (Fla. Bar No. 293245)
sexlaw@bellsouth.net
Benjamin & Aaronson, P.A.
One Financial Plaza; Suite 1615
Fort Lauderdale, Fl 33394
Telephone:  954-779-1700
Facsimile:   954-779-1771
Attorney Defendant/SALESMAN

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 5, 2010, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on Jeffrey Kaplan, Esq. and Neil Karadbil, Esq., Assistant United States Attorneys, using CM/ECF.

*s:/ James S. Benjamin*