UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60316-CR-COHN

UNITED STATES OF AMERICA,

v.

FITZROY DANIEL SALESMAN,

      Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL PURSUANT TO RULE 33**

**THIS CAUSE** is before the Court on Defendant Fitzroy Daniel Salesman's Motion for New Trial Pursuant to Rule 33 of Federal Rules of Criminal Procedure [DE 144]. The Court has considered the Motion, the Government's Response [DE 146], the record in this case and is otherwise advised in the premises.

The Defendant seeks a new trial or in the alternative a jury interview. The Motion is predicated upon a newspaper article which quotes a member of the jury after the juror had been discharged. Defendant's Motion states that "Juror number eight (8) told those reporters that a lot of the jurors agreed with the defense that there had been some entrapment of Salesman by FBI agents who befriended him, but the jurors had to follow the wording of the law." DE 144 at 2.

Defendant's Motion will be denied. First, there is no representation of any outside influence of extrinsic evidence affecting the jury's verdict. Moreover, the Court finds no evidence of internal misconduct. Internal misconduct would include a failure to follow the Court's instructions on the law. In fact, the juror expounded that the jury had

to follow the wording of the law.

The Eleventh Circuit has found that "a trial judge is vested with broad discretion in responding to an allegation of jury misconduct, and that discretion is at its broadest when the allegation involves internal misconduct . . ., instead of external misconduct such as exposure to media publicity." United States v. Dominguez, 226 F.3d 1235, 1246 (11th Cir. 2000). Further, courts have repeatedly held that "when a jury problem involves the possibility of internal misconduct, the trial judge's 'discretion extends even to the initial decision of whether to interrogate the jurors.'" Id. (quoting United States v. Yonn, 702 F.2d 1341, 1345 (11th Cir. 1983)); see also United States v. Harris, 908 F.2d 728, 733-34 (11th Cir. 1990); United States v. Cuthel, 903 F.2d 1381, 1382-83 (11th Cir. 1990). "To justify a post-trial hearing involving the trial's jurors, the defendant must do more than speculate; he must show clear, strong, substantial and incontrovertible evidence that a specific, nonspeculative impropriety has occurred." Cuthel, 903 F.2d at 1383 (quotations omitted).

Entrapment is an affirmative defense. United States v. Quinn, 123 F.3d 1415, 1423 (11th Cir. 1997). There are two elements to an entrapment claim: (1) government inducement of the crime and (2) the defendant's lack of predisposition to commit the crime before the inducement. United States v. Ryan, 289 F.3d 1339, 1343 (11th Cir. 2002). Accordingly, while inducement must be shown to establish an entrapment defense, there is no entrapment where a defendant is ready and willing to break the law and the Government merely provides a favorable opportunity. Specifically, the jury was instructed as follows:

> So, a Defendant would not be a victim of entrapment if you should find, beyond a reasonable doubt, that the Defendant, before contact with Government officers or cooperating individuals, was ready, willing and able to commit the crime charged in the Indictment whenever opportunity was afforded and that the Government did no more than offer an opportunity.
>
> On the other hand, if the evidence in the case leaves you with a reasonable doubt whether the Defendant had any intent to commit the crime except for inducement or persuasion on the part of some Government officer or cooperating individuals, then it is your duty to find the Defendant not guilty.

Since the jurors returned a verdict of guilty, it is clear the jury was convinced beyond a reasonable doubt of Mr. Salesman's predisposition to commit the crimes charged in Counts 1 through 4. Under these circumstances, the Defendant has made an insufficient showing of internal juror misconduct to require juror interviews, much less a new trial. Significantly, the juror's statement emphasized that the "jurors had to follow the wording of the law." The Court finds that Defendant failed to meet his burden to demonstrate otherwise. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant Fitzroy Daniel Salesman's Motion for New Trial Pursuant to Rule 33 of Federal Rules of Criminal Procedure [DE 144] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 3rd day of May, 2010.

JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of record via CM/ECF